THE HONORABLE JOHN C. COUGHENOUR

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| KAFOA MO-TALAU HEFA,<br><br>　　　　　　Plaintiff,<br><br>　　v.<br><br>MICHAEL HANRATTY, *et al.*,<br><br>　　　　　　Defendants. | CASE NO. C20-5475-JCC<br><br>ORDER |

This matter comes before the Court on Defendants' objections (Dkt. No. 35) to the report and recommendation ("R&R") of the Honorable J. Richard Creatura, United States Magistrate Judge. (Dkt. No. 34.) Having thoroughly considered the parties' briefing and the relevant record, the Court hereby MODIFIES and ADOPTS the R&R for the reasons explained below.

I.　BACKGROUND

Plaintiff Kafoa Mo-Talau Hefa is currently incarcerated at Coyote Ridge Correctional Center. (Dkt. No. 4 at 2.) After he was suspected of smuggling contraband into the facility, Plaintiff was placed under dry cell watch, that is, prison officials denied him access to a sink and toilet based on suspicion that he had injested contraband. (*See* Dkt. No. 4 at 4–5.)

Plaintiff, proceeding *pro se*, filed a 42 U.S.C. § 1983 complaint alleging that Defendants Lieutenant Michael Hanratty and Investigator Arin Reining violated his procedural due process rights and subjected him to false imprisonment and unlawful restraint because they extended his

dry cell watch by 24 hours. (Dkt. No. 4 at 4, 7–14.)

Defendants moved for summary judgment, arguing that they are entitled to qualified immunity as to Plaintiff's federal law claims and that Plaintiff waived any state law claims. (Dkt. No. 30.) Judge Creatura issued an R&R recommending that the Court grant Defendants' motion and dismiss Plaintiff's claims with prejudice. (Dkt. No. 34.) Judge Creatura reasons that: (1) Plaintiff had expressly waived his state law claims; (2) Plaintiff had not demonstrated that the dry cell watch extension was an extreme change in confinement triggering due process protections or that any such protections were clearly established as needed to defeat a qualified immunity defense; and (3) any potential § 1985 conspiracy claim would fail in the absence of a viable § 1983 claim. (*Id.* at 8–13.)

Judge Creatura also recommends overruling Defendants' request to strike portions of Plaintiff's declaration in support of his opposition to summary judgment. (*Id.* at 8.) Defendants object only to this recommendation. (Dkt. No. 35.)

Plaintiff has not objected to the R&R.

## II. DISCUSSION

A district court must conduct a *de novo* review of those portions of a magistrate judge's R&R to which a party properly objects. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3). A party properly objects when he or she files "specific written objections" to the R&R as required under Federal Rule of Civil Procedure 72(b)(2).

In their reply, Defendants object to several portions of Plaintiff's declaration in support of his opposition to summary judgment, asserting that those portions are conclusory, speculative, and not based on Plaintiff's personal knowledge. (Dkt. No. 33 at 2–5.) Judge Creatura overruled Defendants' objections, noting that the admissibility of the contents of the evidence, and not its form, is what matters at the summary judgment stage. (Dkt. No. 34 at 8.) Defendants now clarify that they object not to the contents of the documents, but rather to Plaintiff's statements about the documents that purport to be sworn factual statements based on his personal knowledge. (Dkt.

No. 35 at 2.)

To survive summary judgment, a party must satisfy the requirements of Federal Rule of Civil Procedure 56. *Block v. City of Los Angeles*, 253 F.3d 410, 418–19 (9th Cir. 2001). Under Rule 56, "[a]n affidavit or declaration used to support or oppose a motion must be made on personal knowledge, set out facts that would be admissible in evidence, and show that the affiant or declarant is competent to testify on the matters stated." Fed. R. Civ. P. 56(c)(4). Affidavits that "do not affirmatively show personal knowledge of specific facts" are conclusory. *Shakur v. Schriro*, 514 F.3d 878, 890 (9th Cir. 2008) (internal quotation marks omitted). "Where the facts contained in an affidavit are neither in the form of legal conclusions nor speculative, but are material facts based on the [the affiant's] personal recollection of the events, the affidavit is not conclusory." *United States v. $223,178.00 in Bank Account Funds*, 333 F. App'x 337, 338 (9th Cir. 2009) (internal quotation marks omitted) (alterations in original).

The Court agrees that the portions of paragraphs 3, 10–15, and 18–22 of Plaintiff's declaration that Defendants identify in their reply in support of summary judgment should be stricken. (Dkt. No. 33 at 2–5.) The portions in question contain legal conclusions and speculation, and do not demonstrate Plaintiff's personal knowledge of specific facts.

The Court does not, however, completely agree with Defendants' contention that portions of paragraph 8, regarding the disputed occurrence of a second normal bowel movement, should be stricken. (*Id.* at 2; Dkt. No. 34 at 4–5.) Defendants argue that, because Plaintiff is interpreting the logbook and relying on other documents, he is not basing this statement on his personal knowledge or memory. (Dkt. No. 33 at 2.) However, just because Plaintiff cites to the logbook and his complaint does not mean he lacks personal knowledge or recollection of his own alleged bowel movement. His personal involvement in that is undeniable. Defendants are assuming that Plaintiff necessarily relied on other documents to make this statement, but this assumption is unfounded. *See Nevada Dep't of Corr. v. Greene*, 648 F.3d 1014, 1019 (9th Cir. 2011) ("Unfounded speculation as to an affiant's alleged lack of personal knowledge of the events in

his affidavit does not render it inadmissible."). However, since Plaintiff's assertion that the disputed evacuation occurred "at 7:29 a.m. through 7:50 a.m. and [was] completed at 8:00 a.m." does appear to derive from sources other than his personal knowledge, that particular detail should be stricken. (Dkt. Nos. 32 at 2, 33 at 2.)

### III. CONCLUSION

For the foregoing reasons, the Court hereby ORDERS that:

(1) Defendants' objections (Dkt. No. 35) are SUSTAINED in part and OVERRULED in part as stated above;

(2) The Court MODIFIES the R&R so as to STRIKE (a) the portions of paragraphs 3, 10–15, and 18–22 of Plaintiff's declaration identified in Defendant's reply (Dkt. No. 33), and (b) the portion of paragraph 8 detailing exact times of a disputed evacuation;

(3) The R&R (Dkt. No. 34) is ADOPTED as modified;

(4) Defendants' motion for summary judgment (Dkt. No. 30) is GRANTED;

(5) Plaintiff's remaining claims are DISMISSED with prejudice; and

(6) The Clerk is DIRECTED to send a copy of this order to Plaintiff and to Judge Creatura.

DATED this 10th day of March 2022.

John C. Coughenour
UNITED STATES DISTRICT JUDGE